### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

```
-----------------------------x
                             :
FAMILY WIRELESS #1, LLC,     :
et al.                       :    Civil No. 3:15CV01310(JCH)
                             :
v.                           :
                             :
AUTOMOTIVE TECHNOLOGIES, INC. :   May 19, 2016
                             :
-----------------------------x
```

### RULING ON MOTION TO COMPEL DISCOVERY [DOC. # 101]

Pending before the Court is a motion by plaintiffs Family Wireless #1, et al. ("plaintiffs") to compel discovery. [Doc. #101]. On May 9, 2016, the Court held an in-person Discovery Conference on the record to address plaintiffs' motion. On May 10, 2016, the Court issued an Order and Memorandum of Conference granting, in part, the relief requested in plaintiffs' motion. [Doc. #123]. Plaintiffs' motion was taken under advisement as to the issue of the number of custodians to be searched for electronically stored information ("ESI"). See id.; Doc. #124. For the reasons articulated below, plaintiff's First Motion to Compel Discovery [Doc. #101] as it pertains to this remaining issue is **GRANTED**, in part.

### I.   Background

Plaintiffs, franchisees of defendant Automotive Technologies, Inc., ("ATI"), have brought this action for breach of contract, misrepresentation, unjust enrichment, and unfair

trade practices. [Doc. #114]. On October 30, 2015, the parties filed a Joint Report of Rule 26(f) Planning Meeting that set forth a protocol for the preservation and disclosure of ESI. [Doc. #56]. Since then, the parties represent that they have met and conferred multiple times over the course of this litigation in an effort to come to a mutually agreeable list of ESI search terms and custodians. Their efforts are evidenced by affidavits and copies of correspondence attached to both plaintiffs' motion and defendant's response. [Docs. #101-2; #117-3, #117-4, #117-5, #117-6]. However, the parties are unable to come to a consensus as to how many and which custodians should be included in a search for ESI.

The parties have previously agreed to the search of the electronic files of seven custodians: (1) Joe Johnson, President of ATI; (2) Michael Broe, an Executive Vice President; (3) David Staszewski, an Executive Vice President; (4) Kevin Sinclair, former President of ATI; (5) Donald Josephson, former General Counsel of ATI; (6) Susan Suhr, former Chief Administrative Officer; and (7) Steve Lewkowicz, former Chief Financial Officer. [Doc. 11-7 at 3,("Huelin Aff.")].[1] Plaintiffs now seek an Order compelling defendant to search six additional

---

[1] As the Court noted in its prior Order (see Doc. #123 at 10 n.3), plaintiffs argue that they seek to include a total of twelve custodians, but as defendant correctly notes, the number appears to be thirteen.

custodians: (1) Vardan Babajanyan, (2) Colin Darling; (3) Andrew Petardi; (4) Cynthia Wendt; (5) Joanne Miano; and (6) Dave Haryasz.[2]

## II.  **Legal Standard**

Rule 26 of the Federal Rules of Civil Procedure governs the discovery of ESI. Rule 26(b)(2)(B) provides:

> A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery ... the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

Fed. R. Civ. P. 26(b)(2)(B). As the Advisory Committee commented, "[u]nder this rule, a responding party should produce electronically stored information that is relevant, not privileged, and reasonably accessible[.]" See Fed. R. Civ. P. 26(b)(2) advisory committee's note to 2006 amendment.

Thus, "[o]n a motion to compel discovery or for a protective order, a trial judge must ask (1): Has the party resisting discovery shown that the information in question is 'not reasonably accessible because of undue cost'?(emphases

---

[2] The custodians and the proposed custodians' names are spelled in various ways throughout the record; the Court adopts the spellings used in the Huelin Affidavit, at paragraphs 10-13.

added), and (2): Nonetheless, has the party requesting discovery shown 'good cause' for that discovery?" <u>Bagley v. Yale Univ.</u>, 307 F.R.D. 59, 65 (D. Conn. 2015) (quoting Fed. R. Civ. P. 26(b)(2)(B)).

## III. <u>Discussion</u>

Plaintiffs have requested the inclusion of six additional custodians in the ESI search, arguing that they "are believed to have been involved in both decision making and day to day operations relevant to the claims and defenses raised in the litigation." [Doc. #101-1 at 14]. Plaintiffs argue that the custodians should not be limited to decision-makers — that, in essence, lower-level employees may have been "conduits of relevant information" and a search of their electronic files may be the only means by which to obtain said information. <u>Id.</u> at 15.

On the record at the conference, plaintiffs specifically referenced proposed custodians Dave Haryasz and Vardan Babajanyan, arguing that both were on the "Five-percent Committee," a committee that was involved in determining whether or not to withhold the Installment Offset Commission. Plaintiffs argued that they have reason to believe that Mr. Babajanyan was involved in discussions about commissions during the relevant timeframe, and therefore his files may contain information relevant to plaintiffs' claims of fraud and misrepresentation.

Plaintiff also discussed Cynthia Wendt, a paralegal, arguing that as a lower-level employee, her files may contain information that may have been communicated verbally from decision-makers.

Defendant objects to adding the proposed custodians, primarily on two bases. First, defendant argues that a search of the emails of these individuals, who are not decision-makers, would not produce any relevant information that has not already been exchanged. [Doc. #117 at 11-13]. Defendant claims that most of these individuals reported to the higher-level custodians that they have already searched, so a significant number of their emails would be duplicative, and any unique emails would not be of particular value. Second, defendant contends that searching the files of these six additional custodians would be overly burdensome, resulting in tens of thousands of additional documents and hours of costly review. Defendant's claim of burden is based in part on the finding that a test search of two of the proposed custodians "captured 51,583 e-mail family hits." [Doc. #117 at 12] (emphasis omitted). Defendant argues that each of those email "families" would need to be reviewed for responsiveness and privilege, a costly and time consuming process. Id.

At the conference, defendant pointed to proposed custodian Joanne Miano to illustrate the arguments as to burden. The

defendant represented that Ms. Miano was tasked with sending out commission statements to the franchisees. Defendant argued that since plaintiffs already have possession of the commission statements, and as defendants have also agreed to produce the raw data regarding the commissions, Ms. Miano's emails would not provide any additional, relevant information. Further, defendant claimed, if Ms. Miano was sent a directive from a supervisor, that email would have already been produced through a search of the supervisor's electronic files.

The Court is not persuaded that the addition of the six proposed custodians would be unduly burdensome for defendant. As defendant acknowledged during the conference, limitations on search parameters can be implemented so as to exclude the production of duplicative emails, addressing the concern that this production would consist of many emails that had been previously produced through the prior searches of the higher-level custodians. Using "de-duplication" measures to limit the search should alleviate some of the cost and time concerns that defendant raises.

As to relevance, the Court also is not persuaded by defendant's arguments. The mere fact that many documents have already been produced is not sufficient to establish that there are no other relevant materials to be found. See, e.g. Assured Guar. Mun. Corp. v. UBS Real Estate Sec. Inc., No.

12CV1579(HB)(JCF), 2012 WL 5927379, at *2 (S.D.N.Y. Nov. 21, 2012)("[T]he total number of documents 'harvested' is not a particularly compelling statistic by itself, because it says nothing about the possible significance of the documents and may in fact reflect an inefficient search protocol."). At the conference, defendant likened searching for relevant information amongst these additional proposed custodians to looking for a needle in a haystack. This argument, too, is unavailing. "The sense of irritated resignation conveyed by [that] familiar aphorism ... does not exclude the possibility that there may actually be a needle (or two or three) somewhere in the haystack, and sharp needles at that. Plaintiff[s] [are] presumptively entitled to search for them." Bagley, 307 F.R.D. at 66. Indeed, defendant's own example of proposed custodian Miano supports the expansion of the search, as her business activities related directly to the programs at issue in this case, and a search of her emails is likely to turn up additional "needles" of relevant information.

The Court finds that plaintiffs have established good cause for expanding the ESI search to include three additional custodians. A sufficient showing has been made for the inclusion of the electronic files of Vardan Babajanyan, Dave Haryasz, and Joanne Miano, as they are likely to include information that is relevant to the claims at stake and proportional to the needs of

this case. <u>See</u> Fed. R. Civ. P. 26(b)(1). It is reasonable to believe that discussions and transmissions of potentially relevant information could transpire below the highest echelon of management; indeed, as defendant acknowledged, some of the lower-level employees had direct communication with the franchisees regarding commissions.

As discussed at the conference, both Mr. Babajanyan and Mr. Haryasz were on a committee that had a clear connection to the claims at issue in this matter -- the "Five-Percent Committee." As the Controller and former Director of Financial Planning and Analysis for ATI during the relevant time period, Mr. Babajanyan was also involved in ATI's financial decisions including, presumably, payment or withholding of payment to plaintiffs. Good cause has been shown to include each of these two proposed individuals as custodians, as their files may contain relevant information regarding the Installment Offset Commission.

A sufficient showing has also been made as to Ms. Miano. While Ms. Miano would not be considered a decision-maker, the nature of her position put her in direct, regular contact with the franchisees, and her communications with the franchisees involved the discussion of commissions -- one of the two main issues in this case. Additionally, as the Court observed at the conference, while not issuing directives, lower-level employees may discuss execution of policies amongst themselves and with

third parties other than their superiors. These communications
may be particularly revealing. See Capitol Records, Inc. v.
MP3tunes, LLC, 261 F.R.D. 44, 50 (S.D.N.Y. 2009) ("With respect
to the issue of custodians, it may well be ... that only the
more senior ... employees sent or received emails that are
relevant to the issues in this case. By the same token, however,
it also may be true that employees at that level took care not
to say anything incriminating and that lower-level employees
were less guarded in their email communications.").

However, no showing of good cause has been made by
plaintiffs to search the ESI of the other three proposed
custodians: Colin Darling, Andrew Petardi, and Cynthia Wendt.
Plaintiffs' motion papers make no argument as to why the files
of these individuals are likely to contain information that has
a bearing on the issues in this matter. No additional
information was provided at the conference that would support a
finding that these individuals were privy to or involved in any
discussions of relevant topics.

The Court therefore finds that three of the six proposed
custodians' files are likely to include information relevant to
this matter, and defendant has not met its burden of showing
that inclusion of these three individuals would be unduly
burdensome. See Fed. R. Civ. P. 26(b)(2)(B); see also Capitol
Records, Inc., 261 F.R.D. at 50 ("Although the [plaintiffs] may

have increased the size of the group that they are asking to
have searched, [defendant] has not shown that the production of
all of the requested employees' email communications would be
unduly burdensome or that a search of their files would not
potentially yield relevant information."). Plaintiff has not
made a showing as to the remaining three individuals.
Accordingly, the Court **GRANTS** plaintiffs' motion to compel to
the extent it seeks to include Vardan Babajanyan, Dave Haryasz,
and Joanne Miano as additional custodians. The Court **DENIES**
plaintiffs' motion to compel to the extent it seeks to include
Colin Darling, Andrew Petardi, and Cynthia Wendt as additional
custodians.

　　This is not a Recommended Ruling. This is an order
regarding case management which is reviewable pursuant to the
"clearly erroneous" statutory standard of review. See 28 U.S.C.
§636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R.
72.2. As such, it is an order of the Court unless reversed or
modified by the District Judge upon motion timely made.

　　SO ORDERED at New Haven, Connecticut, this 19th day of May
2016.

                              /s/
                    _____
                    HON. SARAH A. L. MERRIAM
                    UNITED STATES MAGISTRATE JUDGE