**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-----------------------------x
                             :
FAMILY WIRELESS #1, LLC, et  :    Civ. No. 3:15CV01310(JCH)
al.,                         :
                             :
v.                           :
                             :
AUTOMOTIVE TECHNOLOGIES, INC. :   July 15, 2016
                             :
-----------------------------x
```

**RULING RE: MOTION TO COMPEL [DOC. #148]**

This matter was referred to the undersigned by Chief Judge Janet C. Hall for a ruling on a motion to compel filed by defendant Automotive Technologies, Inc. ("defendant"). [Doc. #148]. Plaintiffs filed a memorandum in opposition on June 28, 2016. [Doc. #187]. Defendant moved for leave to file a reply on July 13, 2016, attaching a proposed memorandum and exhibits. [Doc. #205]. The undersigned granted that motion on July 14, 2016. [Doc. #210].

**I.   BACKGROUND**

Plaintiffs, Family Wireless #1, LLC, et al. ("plaintiffs"), are franchisees of defendant. They bring this action alleging breach of contract, misrepresentation, unjust enrichment, and unfair trade practices. [Doc. #114]. The parties have engaged in extensive discovery. Defendant now brings a motion to compel,

~ 1 ~

asserting the following deficiencies in plaintiffs' responses to
its discovery requests:

>    1.    Defendant asserts that eight plaintiffs have failed to
>    provide sufficient documentation of the net worth of their
>    owners. [Doc. #148 at 5-7].
>
>    2.    Defendant contends that the plaintiffs have improperly
>    refused to search for text messages that might include
>    material responsive to discovery requests. [Doc. #148 at 7-
>    8].
>
>    3.    Defendant questions plaintiffs' search methodology and
>    oversight, and contends that the responses must be
>    incomplete because several plaintiffs "did not produce any
>    additional documents on May 20, 2016," and others produced
>    very few. [Doc. 148 at 8-10].
>
>    4.    Defendant contends that plaintiffs are required to
>    conduct searches of all materials in the possession or
>    control of all 85 people listed in the plaintiffs' initial
>    disclosures as persons "who have 'discoverable information
>    regarding the allegations in the Complaint.'" [Doc. #148 at
>    10-14].
>
>    Defendant also seeks an award of attorneys' fees.

Neither submission in connection with these disputes,
unfortunately, complies with Local Rule 37(b), which requires,
in relevant part:

>    Each memorandum shall contain a concise statement of
>    the nature of the case and a specific verbatim listing
>    of each of the items of discovery sought or opposed,
>    and immediately following each specification shall set
>    forth the reason why the item should be allowed or
>    disallowed. ... Every memorandum shall include, as
>    exhibits, copies of the discovery requests in dispute.

L. R. Civ. P. 37(b). The defendant does not provide specific
citations to particular requests that it asserts were not
satisfied. It does not appear that all potentially relevant

requests were attached. Neither party sets forth "the reason why the item should be allowed or disallowed." The parties' memoranda consist, instead, largely of complaints about opposing counsel's conduct. The Court will attempt to address the merits of the motion; however, rulings on these disputes are necessarily limited by the lack of specificity in the parties' filings.

For the reasons set forth herein, the Court grants, in part, and denies, in part, the motion to compel, and denies the request for an award of attorneys' fees.

## II.  **MOTION TO COMPEL**

The Court first turns to the merits of the defendant's motion to compel additional disclosures by plaintiffs.

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The Rules also specifically limit discovery of electronically stored information in certain circumstances. On a motion to compel such discovery,

> the party from whom discovery is sought must show that
> the information is not reasonably accessible because
> of undue burden or cost. If that showing is made, the
> court may nonetheless order discovery from such
> sources if the requesting party shows good cause,
> considering the limitations of Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(2)(B). As the Advisory Committee commented,
"[u]nder this rule, a responding party should produce electronically
stored information that is relevant, not privileged, and reasonably
accessible[.]" See Fed. R. Civ. P. 26(b)(2) advisory committee's note
to 2006 amendment. The Court asks two central questions when
evaluating a motion to compel discovery: "(1): Has the party resisting
discovery shown that the information in question is not reasonably
accessible because of undue cost?"; and "(2): Nonetheless, has the
party requesting discovery shown good cause for that discovery?"
Bagley v. Yale Univ., 307 F.R.D. 59, 65 (D. Conn. 2015) (internal
citation and quotation marks omitted). As an initial matter, "[t]he
party resisting discovery bears the burden of showing why
discovery should be denied." Cole v. Towers Perrin Forster &
Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).

The Court is also called upon to engage in a
proportionality analysis, and must "balance the value of the
requested discovery against the cost of its production." In re
Weatherford Int'l Sec. Litig., No. 11CV1646(LAK)(JCF), 2013 WL
2355451, at *5 (S.D.N.Y. May 28, 2013) (ordering production
where the party resisting discovery had "not shown that the
information sought is not sufficiently germane, nor ... provided

any specific evidence of burden"); see Lineen v. Metcalf & Eddy, No. 96CV2718(HB)(MHD), 1997 WL 73763, at *2 (S.D.N.Y. Feb. 21, 1997)(collecting cases).

The Court "must limit" discovery otherwise allowed if the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C)(i); see also A.M. v. Am. Sch. for the Deaf, No. 13CV1337(WWE), 2016 WL 1117363, at *2 (D. Conn. Mar. 22, 2016) (discussing the importance of considering issues of proportionality). "Of course, as in all matters relating to discovery, the district court has broad discretion to limit discovery in a prudential and proportionate way." EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012), aff'd sub nom. Republic of Argentina v. NML Capital, Ltd., 134 S. Ct. 2250 (2014).

1.  **Net Worth Documentation**

Defendant seeks "tax filings, audited statement of assets, financial records, bank records, tax assessments, and/or other self-authenticating documents that allow defendant to determine and verify what the net worth of each owner [of the plaintiff entities] is." [Doc. #148 at 5]. Defendant's request is limited to "documents sufficient to demonstrate" the net worth of the owners of eight plaintiffs: Central Office Products, Inc.; T.C.

Wireless, Inc.; JAS Technology, Inc.; LHG Stores, LLC; Corridor Ventures, Inc.; EMG Delancey Street, LLC; Cellular Level, Inc.; and Russell Wireless, LLC. [Doc. #148 at 5].

Plaintiffs assert that net worth statements have been provided for the owners of all of these entities other than T.C. Wireless, Inc., and Corridor Ventures, Inc. [Doc. #187 at 6]. Plaintiffs essentially contend that the information already produced is "sufficient to demonstrate the net worth" of the owners. [Doc. #187 at 6; Doc. #187-3 at 5].

The defendant's motion does not explain why the net worth statements are sought, but plaintiffs' memorandum in opposition proffers an explanation for the purpose of the request. [Doc. #187 at 5-6]. Plaintiffs represent that the relevant question relating to net worth is whether any plaintiff or owner's net worth exceeded $5 million. Id. Absent any assertion to the contrary in defendant's reply brief, the Court accepts this representation as accurate.

There is, apparently, no dispute as to whether defendant is entitled to information regarding the net worth of these owners; the only dispute appears to concern the amount and type of information that would be "sufficient to demonstrate the net worth" of the owners. Plaintiffs contend that a general statement of assets and liabilities is sufficient, while defendant seeks documents supporting the stated assets and

liabilities. In light of the purpose identified by plaintiffs, the Court finds that a summary statement of net worth including basic information regarding assets and liabilities, attested to by the owner, is "sufficient to demonstrate" net worth.[1] Requiring disclosure of bank statements and other supporting documents does not achieve the goals of proportionality and efficiency embodied in the Federal Rules.

If plaintiffs have not disclosed net worth statements as to any of the owners of the eight plaintiffs identified in defendant's motion, plaintiffs shall do so on or before **July 29, 2016**.

**2.   Text Messages**

Defendant contends that plaintiffs have refused to search for or disclose text messages responsive to its discovery

---

[1] The Court notes that defendant seeks disclosure of "tax filings" as support for a net worth calculation. "Although income tax returns are not inherently privileged, courts are typically reluctant to compel their disclosure because of both 'the private nature of the sensitive information contained therein' and 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.'" Uto v. Job Site Servs., Inc., 269 F.R.D. 209, 212 (E.D.N.Y. 2010) (quoting Smith v. Bader, 83 F.R.D. 437, 438 (S.D.N.Y. 1979)). The protection afforded to tax filings is functionally equivalent to a "qualified privilege." Gattegno v. PricewaterhouseCoopers, LLP, 205 F.R.D. 70, 72 (D. Conn. 2001). "[T]ax returns are therefore discoverable if: (1) it clearly appears they are relevant to the subject matter of the action or to the issues raised thereunder, and (2) there is a compelling need therefor because the information contained therein is not otherwise readily obtainable." Id. Here, disclosure of tax filings is not clearly relevant, and the Court finds no compelling need.

requests. [Doc. #148 at 7-8]. Plaintiffs contend both that there was no agreement to search electronically for text messages, and they have already searched for such messages. [Doc. #187 at 7].

The Court notes that a text message is undoubtedly a "communication" within the meaning of the discovery requests, and such messages may constitute "electronically stored information" subject to discovery. See Fed. R. Civ. P. 34(a)(1)(A) (allowing written discovery requests seeking "any designated documents or electronically stored information"). As such, and absent any objection by plaintiffs to the contrary, text messages containing responsive information are discoverable.

Defendant has made no showing that the plaintiffs' search was not made in good faith, or that plaintiffs are deliberately withholding text messages responsive to discovery requests. Plaintiffs' response, however, is unclear as to whether a proper search has in fact been conducted. Plaintiffs assert that some parties do not communicate at all by text message; some do not use text messaging "in any way that would be relevant to the litigation or discovery requests[;]" and "[t]hose who had relevant text messages provided them to counsel." [Doc. #187 at 7]. This response is insufficient.

To the extent plaintiffs have not yet engaged in a search for responsive text messages, as to all plaintiffs, they shall

do so immediately. On or before **July 29, 2016,** each plaintiff

shall provide a sworn verification, that is a signature provided

under oath,[2] indicating the nature of the text message search

conducted[3] and shall produce any additional results of such

searches. If individual plaintiffs assert, after such searches,

that they have no additional responsive text messages to

produce, they shall provide a sworn verification to that effect

on or before **July 29, 2016.** As to any plaintiffs and individuals

who assert that they did not use text messaging to communicate

about business matters related to the defendant, Verizon, or

other matters relevant to the complaint, plaintiffs may provide

individual sworn verifications to that effect, in lieu of

conducting a search, on or before **July 29, 2016.**

### 3.   Paucity of Documents Disclosed

Defendant next complains that plaintiffs have not disclosed

enough documents, asserting in a conclusory fashion that "it

simply cannot be the case that these Plaintiffs" do not have

---

[2] A substantive response to a request for production constitutes an "answer" which, pursuant to Rule 34 of the Federal Rules of Civil Procedure, requires a signature under oath by the responding party. See, e.g., Napolitano v. Synthes USA, LLC, 297 F.R.D. 194, 200 (D. Conn. 2014) (supplemental response to request for production, which stated that all documents had been produced, was "an answer" that required signature under oath by party).

[3] The Court notes that an electronic search is not required; a manual search of devices equipped with texting capability is sufficient.

additional responsive documents in their possession or control. [Doc. #148 at 10]. Defendant does not identify any particular request for production that has not been satisfied, but makes two other general assertions.

First, defendant argues that plaintiffs' counsel represented that they had searched email "accounts that were 'used to conduct business,' but would not confirm that they searched accounts that were used to communicate about the issues relevant to this case." [Doc. #148-1 at 9].

Second, defendant claims to have reason to believe that plaintiffs' counsel has improperly relied on individual plaintiff owners and employees to search their own records, and that counsel has failed to ensure that these individuals conducted sufficient searches. [Doc. #148-1 at 9].

In response, plaintiffs list a selection of accounts searched and numbers of documents produced, but do not contend that they have produced all responsive documents. [Doc. #187 at 8-11]. Plaintiffs do contend that they "have advised Defendant on the specific method by which their searches were conducted and Defendant does not challenge those methods as inappropriate or deficient." [Doc. #187 at 8, n.1]. In sum, the parties' combined arguments are not sufficient for the Court to determine whether there is a legitimate dispute in this regard requiring court intervention.

Accordingly, counsel for plaintiffs shall provide a sworn verification setting forth the general nature of the search conducted in response to defendant's requests, and the nature of counsel's oversight of any search performed by plaintiffs or their employees. Such verification must include specific reference to each plaintiff still a part of this action. If any plaintiff asserts that its owner and relevant employees communicate about business matters solely through a "@wirelesszone.com" account, counsel shall list those plaintiffs individually. This verification shall be provided to defendant on or before **July 29, 2016.** To the extent counsel for plaintiffs becomes aware that any search was not properly conducted, as to any plaintiff, such a search shall <u>**immediately**</u> be conducted and any responsive documents produced on or before **July 29, 2016.**

### 4.   Search of all Individuals Named in Initial Disclosures

Defendant next argues that plaintiffs are obligated to engage in a complete search of all files belonging to any person listed in plaintiffs' initial disclosures. Plaintiffs contend that "many of the individuals" listed either use only Wireless Zone email accounts to conduct business or "are passive partners" who would not have responsive information. [Doc. # 187 at 12].

Before assessing the merits of this argument, the Court pauses to note that defendant's memorandum on this point is

misleading. Defendant's motion states: "Plaintiffs' initial disclosures listed 85 individuals who are either employees or owners of the Plaintiffs who have 'discoverable information regarding the allegations in the Complaint.'" [Doc. #148 at 10]. This purports to quote plaintiffs' initial disclosure, but the quotation mark is strategically placed, changing the meaning of the sentence. Attached to defendant's motion is the relevant disclosure, which states: "The following individuals may have discoverable information regarding the allegations in the" complaint. [Doc. #148-3 at 23 (emphasis added)]. That little word "may" is significant here. Rule 26 uses similar language, requiring initial disclosures to identify "each individual likely to have discoverable information[.]" Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added). The difference between those who "may have" or are "likely to have" discoverable information and those who affirmatively do have such information is a potentially meaningful one in this context.

Defendant relies on two cases in support of its argument that all individuals listed in initial disclosures must be subject to full searches for responsive documents.

First, defendant cites Acorn v. Cty. of Nassau, No. 05CV2301(JFB)(WDW), 2009 WL 605859, at *7 (E.D.N.Y. Mar. 9, 2009), for the following holding: "Ordering defendant to conduct additional searches of electronic files because its

'representations regarding the number of persons told to conduct a search are not, however, consistent with the number of such persons listed in the [defendant]'s interrogatory responses.'" [Doc. #148 at 13]. The Court first notes that the <u>Acorn</u> decision does not provide the "interrogatory responses" to which it refers, so there is no way of knowing whether the "persons listed" in those responses are individuals similarly situated to those listed in plaintiffs' initial disclosures in this case. Even if the individuals at issue are similar, <u>Acorn</u>'s holding is not as described by defendant. The <u>Acorn</u> Court did **<u>not</u>** order defendant there to "conduct additional searches of electronic files." Rather, it ordered the defendant to "review its prior responses and supplement them, if necessary." <u>Acorn</u>, 2009 WL 605859, at *7.

Second, defendant cites <u>OneBeacon Ins. Co. v. Forman Int'l, Ltd.</u>, No. 04CV2271(RWS), 2006 WL 3771010, at *6 (S.D.N.Y. Dec. 15, 2006), for the following holding: "ordering plaintiff to 'confirm that it has searched for documents responsive to [defendant]'s discovery requests in the files of those employees that [plaintiff] has identified in its Rule 26 disclosures and interrogatory answers'". Doc. #148 at 13-14. Again, defendant has placed its quotation marks strategically.  The <u>OneBeacon</u> case contains an order requiring plaintiff to "confirm that it has searched for documents responsive to [defendant]'s discovery

requests in the files of those employees that [plaintiff] has
identified in its Rule 26 disclosures and interrogatory answers
**as participating in the negotiation, drafting, and approval of
the Century 21 Policy or otherwise having information concerning
the underwriting of the Policy**, or explain its failure to do
so." OneBeacon, 2006 WL 3771010, at *6 (emphasis added). The
OneBeacon Court did not order that any individuals who "may have
discoverable information" search their files; it carefully
narrowed the universe of files to be searched to those
individuals identified as having particular information.[4]

Thus, the two cases provided are not helpful to the Court,
as they are both distinguishable, and do not stand for the
propositions for which they are cited.

Again, however, plaintiffs' response is no more persuasive
than defendant's motion. Plaintiffs make vague assertions in
their memorandum that "many" of the listed individuals do not
possess responsive material or possess only material that is
duplicative of material already produced. [Doc. #187 at 11-12].
There is no individualized showing as to which individuals are
covered by these arguments. Plaintiffs make no claim that

---

[4] A review of the motion to compel that led to the OneBeacon
ruling reveals that the defendant's motion actually sought that
searches be conducted only as to nine individuals the plaintiff
had identified as "playing key roles with respect" to the
relevant account. See OneBeacon Ins. Co. v. Forman Int'l, Ltd.,
et al., Civ. No. 1:04CV02271(RWS) (S.D.N.Y.), Doc. #31 at 22.

conducting a search of these individuals' files, whether physical or electronic, would be burdensome.

In the end, the Court is forced to fall back on the general rule underlying document discovery: that a party must produce items in its "possession, custody, or control" for which a request has been made "with reasonable particularity[.]" Fed. R. Civ. P. 34(a)(1), (b)(1)(A). If these individuals have responsive information, absent any showing that obtaining and disclosing it would be burdensome, plaintiffs must produce it.

Although plaintiffs have not made any showing of burden, the Court has its own obligation under the Rules to ensure that all discovery is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The District of Kansas noted that "the balancing required by [Rule 26] likely eliminates the possibility that all sixty-three custodians identified by defendants should have their documents searched." Sprint Commc'ns Co. v. Comcast Cable Commc'ns, No. 11CV2684 (JWL), 2014 WL 1794552, at *5 (D. Kan. May 6, 2014). Similarly, the Court finds that a full electronic search of all files of 85

individuals is inappropriate here. However, neither defendant's motion nor plaintiffs' response makes any argument as to which individuals should be searched, and why.

The Court therefore relies on the descriptions of the information provided by plaintiffs in the initial disclosures to determine which individuals must be considered custodians subject to full searches. <u>See</u> Doc. #148-2 at 2-21. As to certain individuals, the description of the information they may have specifically refers to the EDGE program -- the core of the dispute in this case.

**Plaintiffs must conduct a search for any responsive documents in the files of the following individuals, to the extent that such files are in the possession, custody or control of plaintiffs: John Mason, Brian Brady, John Whitaker, Greg Miller, Shannon Wilson, Pam Russell, Katie Whiby, Matthew Bartlet, BJ Thumser, Joseph Ramirez, and Josh Spangler.** No electronic searches are required of email accounts for any of these individuals who provide an affidavit stating that they did not use any email account other than the Wireless Zone account for business-related communications. These searches must begin immediately and responsive documents must be provided on or before **August 5, 2016.**

The Court's order, <u>infra,</u> at II.3., requiring that counsel for the plaintiffs provide a sworn verification on or before

**July 29, 2016,** describing generally the search conducted in response to defendant's requests for production is sufficient, on this record, to address any issues concerning the remaining listed individuals. **Plaintiffs are reminded of their obligation to provide all responsive materials within their possession, custody, or control.**

### III. <u>ATTORNEYS' FEES</u>

The Court does not find that an award of fees is appropriate, as "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). In spite of the heated rhetoric in these motion papers, there is no indication that plaintiffs acted in bad faith. Defendant's motion is being granted in part, but not in its entirety. Further, the Court finds that the intransigence of counsel for both sides contributed to the filing of the motion. Finally, while counsel conferred a great deal about these disputes prior to the filing of the motion, the communications provided by defendant's counsel do not evince an effort to compromise. For example, defendant's counsel provides a letter dated May 26, 2016, and one dated May 27, 2016, both of which demand compliance by close of business on May 27, 2016. <u>See</u> Doc. ##148-11, 148-12.

"It is well settled that the protections and sanctions found in the discovery rules are not absolute and contemplate use of judicial discretion." <u>Davis v. City of New York</u>, No.

86CV6345(SWK), 1988 WL 42189, at *2 (S.D.N.Y. Apr. 28, 1988). The Court, in its discretion, declines to award fees in this circumstance.

## IV. CONCLUSION

The defendant's Motion to Compel Production of Documents **[Doc. #148]**, is hereby **GRANTED, in part**, as set forth herein.

This is not a Recommended Ruling. This is an order regarding case management and discovery which is reviewable pursuant to the "clearly erroneous" statutory standard of review. See 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge upon motion timely made.

SO ORDERED at New Haven, Connecticut, this 15th day of July, 2016.

                              /s/
                              HON. SARAH A. L. MERRIAM
                              UNITED STATES MAGISTRATE JUDGE